## VILLARI, MITCHELL & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 31, 1906.)

### No. 3,767.

CUSTOMS DUTIES—DECAYED FRUIT—SEPARATION.

In ascertaining the quantity of decay in imported fruit, the importers did not avail themselves of the provisions of regulations prescribed by the Secretary of, the Treasury under section 23, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1930]. *Held*, that they were not obliged to do so, as that section relates to abandonment, and not to cases of allowance for nonimportation, as for fruit worthless on importation.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5865 (T. D. 25,843), which affirmed the assessment of duty by the collector of customs at the port of New York.

Walden & Webster (Howard T. Walden, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in question consists of lemons in boxes. It was assessed for duty at one cent per pound under paragraph 266 of the Tariff Act of July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1651], upon the basis of the quantities stated in each of the invoices, and reported by the appraiser as having been actually imported. The importers protested claiming that said merchandise "is worthless and no longer merchandise, and therefore is not an article imported from a foreign country mentioned in any of the schedules of said Tariff Act, and no duty can be legally assessed upon the same."

Upon the argument counsel for the government sought to sustain the action of the collector in the assessment of duty upon the ground that the importers had not availed themselves of the provision of the statute (section 23, Act of June 10, 1890, c. 407, 26 Stat. 140 [U. S.

Comp. St. 1901, p. 1930]) as promulgated in T. D. 21,831, relating to the abandonment of merchandise.

I am satisfied from an examination of Treasury Decision 21,831 that it applies specifically to abandonment cases, and I do not think the importer is under any obligation to avail himself of the statute bearing upon the question of abandonment, and therefore I do not think it affects this case one way or the other. I have examined the testimony with some care, and I think I shall be compelled to follow the decision in Courtin, Golden & Co. v. U. S. (C. C.) 143 Fed. 551 (T. D. 26,998). The method of ascertaining the quantity of decayed fruit is fairly well enough in common with the method applied in that case.

The decision of the Board of General Appraisers is reversed.